**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **NICHOLAS W. PARKS,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civ. No. DLB-24-2214** |
| **PA KEVIN JOHNSON,** *et al.*, | * | |
| **Defendants.** | * | |

**MEMORANDUM OPINION**

Nicholas W. Parks, who is proceeding without counsel, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against several defendants alleging they violated his constitutional rights while he was a pretrial detainee at Wicomico County Detention Center ("WCDC"). Col. Thomas Kimball, Lt. Deniece Davis, Sgt. Andrea Russell, Sgt. Richard Elliott, Officer Richard Blevens, Officer Shalisa Hutt, and former Warden Ruth Colbourne ("county defendants") moved to dismiss—a motion that Parks did not oppose—and the Court granted the motion in part, dismissing all county defendants but Davis and Russell and dismissing all but Parks's excessive force, assault, and battery claims against Davis and Russell. ECF 17, 18. Parks also brought claims against Wellpath, LLC ("Wellpath") employees Kevin Johnson,[1] Nurse Melissa, and Jessica Pruitt ("medical defendants"). The medical defendants also moved to dismiss the complaint. ECF 20. For the following reasons, the claims against Davis and Russell are dismissed without prejudice, and the medical defendants' motion to dismiss is denied without prejudice.

---

[1] The Clerk shall correct the spelling of Johnson's name and add Pruitt's last name on the docket.

## I.      Background

While Parks was incarcerated at WCDC, he was placed on suicide watch four times between February 18 and May 7, 2024 for "non-suicidal reasons." ECF 1-1, at 5.[2] Pruitt told him that he was placed on suicide watch because he had thoughts of hurting others and impulse control issues. *Id.* Parks complains that he was already in a segregation cell with no way to hurt anyone, so Pruitt had no basis to put him on suicide watch. *Id.*

Parks has been prescribed certain medical treatments, and if the treatments are stopped abruptly, he experiences pain and withdrawal symptoms. *Id.* at 7. He has been on methadone for three years. *Id.* at 8. Johnson refused to give him his prescribed treatments and denied him methadone or any other medication to alleviate his pain and withdrawal symptoms. *Id.* at 7. Johnson and Nurse Melissa abruptly stopped his methadone without any taper. *Id.* at 8. At some point, Parks was in a fight with another inmate and was placed in lockdown for 25 days. *Id.* While in lockdown, Parks experienced symptoms of methadone withdrawal, including vomiting for weeks, without any medical oversight. *Id.* at 8–9.

Parks filed suit, and the county defendants moved to dismiss. ECF 1, 9. The Court granted the motion in part, dismissing all county defendants but Davis and Russell and dismissing all but Parks's excessive force, assault, and battery claims against Davis and Russell. ECF 17, 18. The Court ordered Parks to notify the Court by May 18, 2026 whether he still sought to pursue his remaining claims against Davis and Russell and cautioned Parks that, if he did not respond, his claims against Davis and Russell would be dismissed without further notice. ECF 18, 31 (granting extension of time). Parks did not respond. Thus, his claims against Davis and Russell are dismissed without prejudice.

---

[2] The well-pleaded allegations in Parks's complaint are accepted as true.

Parks also brought claims against the medical defendants. ECF 1. Wellpath employed the medical staff at WCDC during the events at issue. *See* ECF 20, at 1. The claims against the medical defendants were subject to a bankruptcy stay. ECF 16. When the stay terminated, the medical defendants moved to dismiss the complaint. ECF 20.

On October 22, 2025, the Court notified Parks that if he did not respond to the medical defendants' motion, his case could be dismissed. ECF 23. On November 25, Parks filed an unsigned letter stating that he had not received mail in this case for over a year and asking for additional time "to go over [his] case and all the documents" and "find out if [he has] a claim or not." ECF 26. On November 26, 2025, the Court ordered Parks to refile the document with his signature. ECF 27. Parks then filed a motion to strike the pending motion to dismiss and a motion for discovery. ECF 28, 29. The medical defendants filed a reply in support of their motion. ECF 30. The Court denied Parks's motion to strike because it was not a substantive response to the motion to dismiss and denied Parks's motion for discovery because it did not provide sufficient information for the Court to assess his request. ECF 31. The Court again mailed Parks the September 22, 2025 memorandum opinion and the November 26, 2025 order and granted Parks an extension of time to notify the Court whether he wished to pursue his claims against Davis and Russell and to respond to the medical defendants' motion to dismiss. *Id.* To date, Parks has not filed any substantive response to the motion to dismiss. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025).

## II.    Standard of Review

Under Rule 12(b)(6), a party may seek dismissal for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)). To survive the challenge, the opposing party must have

pleaded facts demonstrating it has a plausible right to relief from the Court. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678). But the claim does not need to be probable, and the pleader need not show "that alternative explanations are less likely" than their theory. *Jesus Christ is the Answer Ministries, Inc. v. Balt. Cnty., Md.*, 915 F.3d 256, 263 (4th Cir. 2019) (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015)).

When ruling on a Rule 12(b)(6) motion, the Court must accept the allegations as true and draw all reasonable inferences in favor of the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765, 777 (4th Cir. 2022). But the Court does not accept "legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013)). Merely reciting a claim's elements "and supporting them by conclusory statements does not meet the required standard." *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021) (quoting *ACA Fin. Guar. Corp. v. City of Buena Vista, Va.*, 917 F.3d 206, 212 (4th Cir. 2019)). The Court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)). If an affirmative defense "clearly appears on the face of the complaint," however, it may be raised as a basis for dismissal under Rule 12(b)(6). *See Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)).

4

Filings from *pro se* litigants are "h[e]ld to less stringent standards than formal pleadings drafted by lawyers." *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pleadings from *pro se* litigants liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a complaint from a *pro se* litigant "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570)).

The Court's review of a Rule 12(b)(6) motion typically is limited to the pleadings, documents attached to the complaint, and the parties' briefs. *See* Fed. R. Civ. P. 12(b)(6), 12(d); *see also* Fed. R. Civ. P. 10(c). The Court also may consider judicially noticed facts. Fed. R. Evid. 201(b)(2). The Court considers the allegations in the complaint and filings from the United States Bankruptcy Court for the Southern District of Texas, which the medical defendants attached to their motion to dismiss.

## III.     Discussion

The medical defendants seek dismissal of the claims against them because all claims against Wellpath, which employed the medical defendants during the relevant events in this case, have been discharged pursuant to a reorganization plan confirmed in Case No. 24-90533 in the United States Bankruptcy Court for the Southern District of Texas (the "bankruptcy case"). ECF 20, at 1. The bankruptcy case was initiated by petition on November 11, 2024, after Parks had filed

his complaint in this case. The medical defendants attach two orders from the bankruptcy case to their motion: a Confirmation Order of the reorganization plan and a Stay Order. ECF 20-1, 20-2. According to the medical defendants, the confirmed plan went into effect on May 9, 2025, discharging all claims and causes of actions against Wellpath. ECF 20, ¶¶ 5, 6.

However, and importantly here, the Stay Order states that

holders of Claims or Interests that affirmatively elected to opt out of the Plan's Third-Party Release may bring or continue to pursue claims against the Non-Debtor Defendants, including employees of the Debtors or employees of the Post-Restructuring Debtors. *See* Stay Order, ¶ 5; Plan, Article IX.F. ("provided, that, for the avoidance of doubt, this Article IX.F shall not apply to parties that timely opt out of the Third-Party Release to preserve their claims against the Released Parties")."

ECF 20, ¶ 10. Only claims and causes of action brought by enjoined parties must be dismissed pursuant to the Confirmation and Stay Orders. *Id.* ¶ 11.

By citing the Confirmation and Stay Orders, the medical defendants essentially are asserting the affirmative defense of release to Parks's claims. *See* Fed. R. Civ. P. 8(c)(1). However, it is not clear on the face of the complaint or in the bankruptcy case filings attached to the motion to dismiss whether Parks opted out of the Third-Party Release or whether he is an enjoined party whose action must be dismissed. Thus, the Court cannot grant the medical defendants' motion to dismiss based on the affirmative defense of release. *See Americas Premiere Corp. v. Schwarz*, No. DKC-08-3304, 2009 WL 2477521, at *8 (D. Md. Aug. 11, 2009) (declining to consider the affirmative defense of release on the defendants' motion to dismiss because, although "the complaint ma[de] a passing reference to [the defendants' former company's] bankruptcy proceedings," it did "not specifically discuss the release provision at all" and therefore did "not reveal the existence of a release defense"). The motion to dismiss is denied without prejudice. If medical defendants have evidence in support of their position that Parks's claims have been

discharged pursuant to the Confirmation and Stay Orders, they may file a motion for summary judgment.

## IV.    Conclusion

The claims against Davis and Russell are dismissed without prejudice. The medical defendants' motion to dismiss is denied without prejudice. Within 28 days, the medical defendants shall answer the complaint or file a motion for summary judgment with evidence in support of their position that Parks's claims have been discharged pursuant to the Confirmation and Stay Orders. A separate order follows.

June 24, 2026  
Date

_____  
Deborah L. Boardman  
United States District Judge